UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOMINICK DEPALMA and JOSEPH LESZCZYNSKI, Individually and on Behalf of All other Similarly Situated Current and Former Employees,<br><br>Plaintiffs,<br><br>v.<br><br>THE SCOTTS COMPANY LLC,<br><br>Defendant. | No. 13-cv-7740 (KM)(JAD)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of plaintiffs Dominick DePalma and Joseph Leszczynski to conditionally certify a collective action under the Fair Labor Standards Act. (ECF No. 43). Joining them are, to date, five parties opting into the suit: Richard Gortian (ECF No. 3); Jonathan Bridges (ECF No. 21); John Ryan (ECF No. 26); James Sawchek (ECF No. 29); and Michael Leibforth (ECF No. 36). Reviewing the motion, I find that it sets forth facts sufficient to meet the standard required to conditionally certify a collective action and send notices to prospective opt-ins. Accordingly, the motion is **GRANTED**.

I.   **BACKGROUND**

A. Allegations

Plaintiffs and opt-ins are or were sales managers working for defendant The Scotts Company LLC ("Scotts"). (Pl. Br. 1 (ECF No. 43-1, refiled at 54-1 and in unredacted form at 60); Am. Compl. ¶ 8 (ECF No. 5)) Scotts manufactures and distributes lawn and garden care products for sale primarily

at stores like Lowe's, Home Depot, and Walmart. (Def. Br. 3–4 (ECF No. 49); Am. Compl. ¶¶ 19, 22) Plaintiffs allege that Scotts classified the position of sales manager as exempt from overtime pay at the premium rate under the FLSA, even though the duties of the position did not warrant that classification. (Am Compl. ¶¶ 2, 23) Specifically, they allege that sales manager positions do not comply with requirements for the executive exemption because they, as sales managers, perform few actual managerial duties. (Am. Compl. ¶ 3) Instead, their primary job duties include stocking shelves, unpacking merchandise, arranging store aisles, and fixing floor displays. (*Id.*; ¶ 20) Further, they contend that any managerial responsibilities are at most seasonal and do not rise to the level of the FLSA requirements for the exemption. (*Id.*) Plaintiffs also claim that their jobs do not meet the administrative or outside sales exemptions because their duties include manual work and do not include exercise of discretion or actual sales. (Am. Compl. ¶¶ 4–5, 21)

### B. Procedural History

Plaintiffs brought their complaint on December 20, 2013 (ECF No. 1), and their amended complaint on February 5, 2013. The parties conducted discovery for the limited purpose of this conditional certification motion. (*See* ECF Nos. 28–1 ¶ 8(b), 30 ¶ 2) On March 20, 2015, plaintiffs filed this motion for conditional certification of a collective action under the FLSA. In the interim, five people have filed notice of consent to opt in as plaintiffs. *See supra*, page 1.

## II. DISCUSSION

### A. FLSA Standard for Conditional Certification of Collective Action

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, ——U.S.——, 133 S. Ct. 1523, 1527 (2013). In section 216(b), the FLSA grants employees the right to bring suit on behalf of

2

"themselves and other employees similarly situated." 29 U.S.C. § 216(b); see *Symczyk*, 133 S. Ct. at 1527. Such an FLSA suit, not to be confused with a class action under Fed. R. Civ. P. 23, is known as a "collective action." "A collective action allows ... plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482 (1989) (describing the benefits of the ADEA's incorporation of section 216(b)).

There is a two-stage certification process to determine whether employees are "similarly situated" for purposes of a FLSA collective action. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013). At the first stage, known as conditional certification, a plaintiff is required only to meet the "fairly lenient standard" of a "modest factual showing." *Id.* (quoting *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 n.4 (3d Cir. 2012)). "Under the modest factual showing standard, a plaintiff must produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 193 (3d Cir. 2011) *rev'd on other grounds*, 133 S. Ct. 1523 (2013). "Being similarly situated" means that members of a collective action are "subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA." *Zavala*, 691 F.3d at 538.

A court's grant of conditional certification is an exercise of its "discretionary power, upheld in *Hoffmann–La Roche,* to facilitate the sending of notice to potential class members, and is neither necessary nor sufficient for the existence of a representative action under FLSA." *Symczyk,* F.3d at 194 (internal quotation marks and citations omitted); *accord Symczyk*, 133 S. Ct. at 1530. Upon the Court's preliminary determination that the plaintiffs have successfully produced some evidence of similarly situated employees, notice of the suit is sent to this class of employees, and they may join the action by

3

returning a signed consent form to the court. *Camesi*, 729 F.3d at 242-43 (citing 29 U.S.C. § 216(b)); *accord Symczyk*, 133 S. Ct. at 1530.

At the second step, final certification, plaintiffs must satisfy a preponderance of the evidence standard. *Zavala*, 691 F.3d at 537. In other words, plaintiffs will have to show that it is "more likely than not" that "plaintiffs who have opted in are in fact similarly situated to the named plaintiffs." *Id.*

### B. Analysis

In support of their motion, plaintiffs marshal evidence in the forms of Scotts' corporate documents, Scotts' corporate witnesses, and deposition testimony by the five plaintiffs or opt-ins. (Pl. Br. § IV.A.) Specifically, the plaintiffs provide corporate documents, including: the sales manager job descriptions from 2010 to 2014 (Lesser Decl. Ex. H (ECF No. 44-8)); similar evaluation forms for Leszczynski and Ryan, who worked in different states (Lesser Decl. Ex. I (ECF No. 44-9; refiled at 55; unredacted copies of exhibits at 56)); training curricula for sales manager (Lesser Decl. Exs. M, U (ECF Nos. 44-13, 44-21)); a survey given to all sales managers (Lesser Decl. Ex. J (ECF No. 44-10)); and a companywide sales playbook (Lesser Decl. Ex. Q (ECF No. 44-17)). They also provide a copy of "Environmental, Health and Safety Standards" sent to "All Field Sales Associates," which includes instructions such as "[b]lock off areas when cleaning, making repairs, or stocking overhead shelves" and protective equipment recommendations for building displays and cleaning spills. (Lesser Decl. Ex. P 10, 14 (ECF No. 44-16))

Plaintiffs also present the Rule 30(b)(6) deposition testimony of Scotts' representative Troy Hayes, the vice president of sales for the Midwest region. (Lesser Decl. Ex. A ("Hayes Tr.") (ECF No. 44-1)) Hayes testified that the job descriptions for sales manager are uniform throughout the country, as are the sales manager bonus plan, the sales manager annual review process, and other sales manager benefits. (Hayes Tr. 69-71, 288-92, 296-300) He also testified that the environmental, health and safety standards apply to all sales

4

managers, that there is mandatory training for all new sales managers, that the playbook is not specific to any territory or region, and that all sales managers were required to complete the survey. (Hayes Tr. 99, 123–24, 142–43, 283)

This evidence suffices to discharge the Plaintiffs' modest burden at this, the first stage of conditional certification. *See Symczyk*, 656 F.3d at 193; *see also Bowe v. Enviropro Basement Sys.*, No. CIV. 12–2099, 2013 WL 6280873, at *5–7 (D.N.J. Dec. 4, 2013) (employment policies and practices and depositions were sufficient at the conditional certification stage); *Goodman v. Burlington Coat Factory*, No. CIV 11–4395, 2012 WL 5944000, at *5 (D.N.J. Nov. 20, 2012) (job descriptions, corporate policies and procedures; deposition testimony sufficient at the conditional certification stage); *Camesi v. Univ. of Pittsburgh Med. Ctr.*, No. CIV. 09-85J, 2011 WL 6372873, at *1 (W.D. Pa. Dec. 20, 2011) (written policies and sworn statements were sufficient at the conditional certification stage).[1]

Scotts in effect invites the Court to take a peek at the merits; they argue that the Court may impose a higher standard of review where, in fact, relevant discovery has been taken before the conditional certification stage. (Def. Br. § V.A.) They provide no post-*Symczyk* Third Circuit authority for that proposition. And the lenient *Symczyk* standard of review is not premised on a no-discovery scenario. There, the District Court had authorized a 90 day period of discovery before the conditional certification motion would be filed and considered. *Symczyk*, 656 F.3d at 191. In any event, within my discretion I decline the invitation to engage in a more searching review. Discovery, while not insignificant, remains partial, and it is does not offer a sufficient factual context for Scotts' requested rejection of conditional certification.

---

[1] Plaintiffs further present the deposition testimony of themselves and the opt-ins to highlight the similarities of their experiences. (Lesser Decl. Exs. B–F (ECF Nos. 44-2 to 44-6)) A full merits analysis is inappropriate at the first stage, and I find that, even without this additional deposition testimony, Plaintiffs have met their first-stage burden. Thus, I defer review of this deposition evidence, which is more appropriately considered in the context of all the evidence at the second stage.

Scotts presents declarations from other sales managers to demonstrate the variation of experiences among those in the position. This evidence is inapposite at this stage. *See Goodman*, 2012 WL 5944000, at *6. Whether these persons are similarly situated will be explored at the next stage. And either way, of course, these "happy campers," if that is what they are, will not be required to opt in.

### III. CONCLUSION

The motion to conditionally certify the collective action is **GRANTED**.

Dated: March 31, 2016

*[signature]*

**Hon. Kevin McNulty**
**United States District Judge**