**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **DOMINICK DEPALMA and JOSEPH LESZCZYNSKI, individually and on behalf of all other similarly situated current and former employees,** | |
| **Plaintiffs,** | **Civil Action No. 13-7740 (KM) (JAD)** |
| **v.** | **OPINION** |
| **THE SCOTTS COMPANY, LLC,** | |
| **Defendant.** | |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon Plaintiffs Dominick Depalma and Joseph Leszczynski's, individually and on behalf of all other similarly situated current and former employees (collectively "Plaintiffs") motion to equitably toll the statute of limitations for the putative collective action members ("Potential Opt-ins") "from March 20, 2015, the date Plaintiffs filed their Motion for Conditional Certification under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ('FLSA'), to ten days after this Court issues its Order on the certification motion." (Pls. Br., ECF No. 62-1, at 5). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon careful consideration of the parties' submissions, and for the reasons stated below, Plaintiffs' motion is **GRANTED**.

### I.    BACKGROUND

Plaintiffs filed the instant matter on December 20, 2013 against Defendant The Scotts Company, LLC ("Defendant") seeking unpaid overtime compensation pursuant to the FLSA. (Compl., ECF No. 1). Defendant allegedly misclassified Plaintiff as exempt and, therefore, denied

1

Plaintiffs overtime pay under the FLSA. (Am. Compl., ECF No. 5, ¶ 2). Plaintiffs filed an Amended Complaint on February 5, 2014 and Defendant Answered on February 26, 2014. (Am. Compl., ECF No. 5; Answer, ECF No. 17).

This Court held an Initial Conference on August 14, 2014 and entered a Pretrial Scheduling Order on August 15, 2014. (ECF No. 30). Pre-certification fact discovery remained open through January 30, 2015. (Id.). Plaintiffs' Motion for Conditional Certification was filed on March 20, 2015. (ECF No. 43). Defendant filed its opposition to Plaintiffs' Motion for Conditional Certification on April 20, 2015, (ECF No. 49), and Plaintiffs filed their reply on May 11, 2015. (ECF No. 52). The Honorable Kevin McNulty, U.S.D.J., granted Plaintiffs' Motion for Conditional Certification on March 31, 2016. (ECF Nos. 66, 67).

As noted above, Plaintiffs seek to toll the statute of limitations from March 20, 2015, until ten (10) days after the adjudication of the pending Motion for Conditional Certification "so that the claims of Potential Opt-ins do not become time-barred." (Pls. Br., ECF No. 62-1, at 11).

## II.    LEGAL STANDARD

The FLSA requires employers to pay overtime compensation for an employee's work in excess of forty (40) hours per week. 29 U.S.C. § 207. "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Under the FLSA, an action for unpaid overtime compensation must be "commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a

2

willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).

The FLSA authorizes collective actions against employers "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "To qualify for relief under the FLSA, a party must commence his cause of action before the statute of limitations applying to his individual claims has lapsed." Kim v. Dongbu Tour & Travel, Inc., No. 12-1136 (WHW), 2013 WL 5674395, at *3 (D.N.J. Oct. 16, 2013) (internal quotations omitted). When determining when a FLSA action is commenced, the statute distinguishes named plaintiffs and opt-in plaintiffs. See 29 U.S.C. § 256. For named plaintiffs, an FLSA action is commenced on the date the Complaint is filed. 29 U.S.C. § 256(a). For an opt-in plaintiff, on the other hand, the action is commenced on the date written consent is filed. 29 U.S.C. § 256(b). This is a departure from Federal Rule of Civil Procedure 23, under which "the commencement of a class action tolls the statute of limitations as to all class members." Sperling v. Hoffmann-La Roche, Inc., 145 F.R.D. 357, 359 (D.N.J. 1992), aff'd and remanded, 24 F.3d 463 (3d Cir. 1994) (citing American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 554 (1974)). "In other words, the statute contains a look-back provision, which limits to three years from opt-in how far back a plaintiff can look to find violations by their employer." Ornelas v. Hooper Holmes, Inc., No. 12-3106 (JAP), 2014 WL 7051868, at *10 (D.N.J. Dec. 12, 2014).

The doctrine of equitable tolling "functions to stop the statute of limitations from running where the claim's accrual date has already passed." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). The Third Circuit has instructed that there are three principal, though not exclusive, situations in which equitable tolling may be available: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the

plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005) (citations omitted). A plaintiff will not, however, "receive the benefit of equitable tolling unless she exercised due diligence in pursuing and preserving her claim. The principles of equitable tolling thus do not extend to 'garden-variety claims of excusable neglect.' The remedy of equitable tolling is extraordinary, and we extend it 'only sparingly.'" Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

### III.   DISCUSSION

Plaintiffs argue that "until the Court rules on Plaintiffs' pending certification motion, Potential Opt-ins – through no fault of their own – have been and continue to be prevented from learning about the existence of this action and the ongoing expiration of their claims", since "the FLSA statute of limitations period for an opt-in . . . continues to run until the opt-in files a written consent to join the action." (Pls. Br., ECF No. 62-1, at 7). Defendant on the other hand argues that Plaintiffs are not entitled to equitable tolling because the Defendant has not actively misled the Plaintiffs, the Plaintiffs have not been prevented from asserting their rights in an extraordinary way, and Plaintiffs have not timely asserted their rights in the wrong forum. (See Def. Opp. Br., ECF No. 64).

Plaintiffs maintain that "[d]istrict courts have held that delay in a court making a collective action ruling is justification enough, under 'extraordinary circumstance' or 'interest of justice' analysis, for application of the equitable tolling doctrine." (Pls. Br., ECF No. 62-1, at 9). Plaintiffs cite to Ornelas v. Hooper Holmes, Inc., in support of their position. No. 12-3106 (JAP), 2014 WL 7051868 (D.N.J. Dec. 12, 2014). In that case, plaintiffs filed suit under the FLSA on May 24,

4

2012, against their employer alleging "that they were misclassified as independent contractors so that Defendants would not have to pay overtime premiums." Id. at *1. The plaintiffs filed a motion for conditional certification on February 5, 2013 and moved for: "(1) a conditional certification of a nationwide collection action comprised of 'Examiners'; (2) the issuance of Court-authorized notice to members of the class; (3) the production of the names and addresses of the class members for the effective dissemination of notice; and (4) a motion to equitably toll the statute of limitations in this case as of August 16, 2013, until the date the Court sets for the expiration of the opt-in period in this matter." Id.

With regard to equitable tolling, the plaintiffs argued "that courts have routinely tolled the statute of limitations in FLSA cases whereas here, Plaintiffs or opt-in Plaintiffs did not cause the delay. Plaintiffs maintain that they have diligently pursued their claim. However, due to forces beyond their control, opt-in Plaintiffs have not been advised of their rights under the FLSA to join the instant action." Id. at *10 (internal citations omitted). Like the Defendant here, the defendants argued that "equitable tolling would be inappropriate in this matter since Plaintiffs are unable to satisfy the three principles established by the Third Circuit". Id.

On August 1, 2014, two years after the initiation of the suit and almost eighteen months after the filing of plaintiffs' motion, the Honorable Douglas E. Arpert, U.S.M.J., issued a report and recommendation recommending that plaintiffs' motion be granted in its entirety. Id. at *5. Judge Arpert concluded that "since the Court has recommended granting conditional certification, it concludes that it would also be appropriate to grant equitable tolling inasmuch as Plaintiffs have actively pursued their claims and had no part in any delay resolving their Motion for conditional certification." Id. at 10.

5

Defendants objected on multiple grounds and argued that Judge Arpert "relied on extra-jurisdictional case law to grant equitable tolling based on the fact that 'extraordinary circumstances' existed sufficient to warrant the imposition of tolling, but because Plaintiffs' failed to establish any one (1) of the three (3) prongs required by Third Circuit law, the Magistrate Judge's recommendation should be rejected." Id. at *4. The Honorable Joel A. Pisano, U.S.D.J., adopted Judge Arpert's report and recommendation on December 12, 2014. In response to defendants, Judge Pisano found the following:

> Defendants' fail to recognize that Third Circuit case law also provides for equitable tolling of the statute of limitations when it "is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Here, the Magistrate Judge recommended that equitable tolling was appropriate due to the delay in resolving Plaintiffs' motion for conditional certification. Whether this is an "extraordinary circumstance" as provided for by extra-jurisdictional case law, or is in the "interests of justice" as permitted by the Third Circuit, Plaintiffs' have demonstrated that equitable tolling is appropriate under the circumstances and as such, this Court will adopt the report and recommendation.

Id. at *4.

Here, Defendant argues that Ornelas is distinguishable from the case at hand because in Ornelas, plaintiffs' motion for conditional certification had been pending for almost two years. (Def. Op. Br., ECF No. 34, at 9). "Here, only nine months have passed since Plaintiffs filed their motion for conditional certification, which hardly represents the type of extraordinary circumstances necessary to invoke the exceptional remedy of equitable tolling and instead is more reflective of the routine lapse of time present in all cases that Congress contemplated when it set up a different statute of limitations tolling arrangement for FLSA collective actions." Id.

Plaintiffs replied, arguing that "Defendant is forced to concede that the only difference is that the delay in the Ornelas case (2 years) was a bit longer than that here (currently 11 months),

6

which is clearly a distinction without a difference inasmuch as the prejudice complained of in both instances is the running of the statute of the limitations for Potential-Opt-ins." (Pls. Rep. Br., ECF No. 65, at 4-5).

This Court agrees with Plaintiffs and finds that the difference in time is, in this instance, immaterial. As noted above, the motion for conditional certification in Ornelas was pending before the Court for eighteen (18) months. Here, Judge McNulty ruled on Plaintiffs' motion for conditional certification a little more than twelve (12) months after it was filed. (See ECF Nos. 66, 67). This Court finds that the six (6) month difference between the two cases is not a sufficient distinction. This Court finds no reason to rule contrary to the Courts' holding in Ornelas, especially given the similarities in every other respect.

Under the Court's holding in Ornelas, this Court finds that equitable tolling "is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159. The Court need not, therefore, discuss Defendant's remaining arguments as to why Plaintiffs' motion equitable tolling should not be granted, as those factors are not exclusive.

## IV.    CONCLUSION

Based on the foregoing, Plaintiffs' motion for equitable tolling, (ECF No. 62), is **GRANTED**. An appropriate form of Order accompanies this Opinion.

_____    8/4/16
**JOSEPH A. DICKSON, U.S.M.J.**

cc:    Hon. Kevin McNulty, U.S.D.J.