UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOMINICK DEPALMA and JOSEPH LESZCZYNSKI, individually and on behalf of all other similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>THE SCOTTS COMPLANY, LLC,<br><br>Defendant. | Civ. No. 13-7740 (KM) (JAD)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

Now before this Court is the motion of defendant the Scotts Company LLC ("Scotts") for partial summary judgment in this collective action with respect to named plaintiffs Dominick Depalma and Joseph Leszczynski. (The parties' cross-motions for summary judgment as to all plaintiffs will be dealt with in a separate opinion.) For the reasons explained herein, I will grant in part and deny in part Scotts' motion for partial summary judgment as to named plaintiffs Depalma and Leszczynski.

I.     **Background**

On December 20, 2013, named plaintiffs Depalma and Leszczynski, through their counsel, filed a "Class Action Complaint and Demand for a Jury Trial." (DE 1). On February 4, 2014, the named plaintiffs filed their "First Amended Collective Action Complaint and Demand for Jury Trial." (DE 5). In both the original and amended complaint, the named plaintiffs alleged a single claim for violation of the FLSA's overtime requirement. (DE 1, 5).

Among the factual allegations of the Amended Complaint are two statements relevant to this motion: (1) "Plaintiff Depalma hereby consents to be

a party to this action, pursuant to 29 U.S.C. § 216(b)" and (2) "Plaintiff Leszczynski hereby consents to be a party to this action, pursuant to 29 U.S.C. § 216(b)." (DE 5, ¶¶ 10, 12).[1]

A little more than a month after the named plaintiffs filed the Amended Complaint, on January 27, 2017, the first opt-in filed a notice of consent to become a party-Plaintiff. (DE 3). Others followed.

As I will discuss *infra*, neither Depalma nor Leszczynski has filed a written notice of consent at any time in this litigation. (DE 1–216).

On February 26, 2014, Scotts filed an Answer to the Amended Complaint. Among its defenses, Scotts asserted that certain putative plaintiffs had not filed written consents:

> "Some or all of the purported claims in the Complaint are barred as to such claims asserted on behalf of Plaintiffs and/or putative Collective Action Members, if any, who do not give their consent in writing to become party plaintiffs and/or whose express written consent is not filed with the Court."

(Answer to Amended Complaint, DE 17, ¶ 6).

Between March 13, 2014 and January 12, 2015, four additional opt-ins filed notices of consent to become a party plaintiff. (DE 21, 26, 29, 36).[2]

After a period of limited discovery, on March 20, 2015, named plaintiffs moved for conditional certification of a collective action. (DE 43). On March 31, 2016, this Court granted Plaintiff's motion and conditionally certified the class. (DE 67).

On April 15, 2016, this Court approved the plaintiffs' submitted FLSA Notice. (DE 70). By July 22, 2016, approximately 100 opt-ins had filed their consent forms. (*See* DE 72–106).[3]

---

[1]    The same statements are in the factual allegations of the original, class action complaint. (DE 1, ¶¶ 10, 12).

[2]    During that period, on April 21, 2014, this case was reassigned from the retiring Judge Dennis M. Cavanaugh to me. (DE 25).

[3]    Although it is of no matter here, several of those opt-ins have since withdrawn. (*See e.g.* 140 – 145). Others have been dismissed for being nonresponsive, (DE 156,

On August 4, 2016, Magistrate Judge Dickson granted the named plaintiffs' motion to equitably toll the statute of limitations for the putative collective action members from March 20, 2015 until ten days after the Court decided the named plaintiffs' motion for certification. (DE 107). Scotts appealed to this district court. (DE 110).

On September 19, 2016, Magistrate Judge Dickson's Joint Case Management Order permitted the parties to obtain written and deposition discovery from 20 opt-ins. (DE 116).

On January 20, 2017, this Court filed an opinion (DE 120) and order (DE 121) denying Scotts' appeal of Magistrate Judge Dickson's opinion granting equitable tolling.

On November 12, 2018, both parties made several filings. Among them was Scotts' motion for summary judgment as to all plaintiffs. (DE 174) The named plaintiffs filed their own motion for summary judgment. (DE 177). Scotts also filed the motion now before the Court, this motion for partial summary judgment as to named plaintiffs Dominick Depalma and Joseph Leszczynski. (DE 180). The motion included Scotts' Statement of Material Facts, pursuant to Loc. Civ. R. 56.1. (180-3). As discussed in n. 5, *infra,* the named plaintiffs did not submit a response to Scotts' Statement of Material Facts. The named plaintiffs filed a memorandum in opposition to the motion, (DE 192), and Scotts filed a reply. (DE 195).[4]

Plaintiff Depalma's employment with Scotts ended on or about October 20, 2013. (DE 180-3).[5] Plaintiff Leszczynski's employment with Scotts ended on or about June 21, 2013. (*Id.* at ¶ 4).

---

164), or have dismissed their claims by joint stipulation because they are barred under the statute of limitations. (DE 171).

[4]     Both of those briefs were filed the same day. It appears that the parties had engaged in an e-mail exchange before filing their briefs. (*See* Ex. A, DE 180-5).
[5]     Neither named plaintiff has "furnished, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the other affidavits and other documents submitted in connection with the motion" as required under Loc. Civ. R. 56.1. "[A]ny material fact

## II. Discussion

### a. Legal standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.P. 56(a); *see also Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof ... the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported allegations ... and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also Gleason v. Norwest*

---

not disputed shall be deemed undisputed for purposes of the summary judgment motion." *Id.* Rather than merely deeming Scotts' proffered facts to be undisputed, I summarize them and determine whether they are supported by evidence. (DE 180-3).

*Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, ... there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322–23).

In deciding a motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249, 106 S. Ct. 2505. Credibility determinations are the province of the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992).

The summary judgment standard, however, does not operate in a vacuum. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986). That "evidentiary burden" is discussed in the following section.

### b. Analysis

Scotts argues that named plaintiffs Depalma and Leszczynski should be dismissed from this case for failure to file consents to join the collective action. Scotts has a point, if only a procedural one. The named plaintiffs, *qua* named plaintiffs, should be dismissed from the collective action. *See* Section II.b.i, *infra*. Still, they may remain in the action, asserting their claims on their own behalf under the FLSA. *See* Section II.b.ii, *infra*.

### i. Failure to file consents

Scotts argues that, because named plaintiffs Depalma and Leszczynski did not file consent forms, they must be dismissed from this action for failure

to comply with FLSA. (DE 180, p. 5–7). Named plaintiffs reply that, by filing the Amended Complaint, they did meet the consent requirement. (DE 192, p. 5–8).

An FLSA claim must be commenced within two years after accrual (three years in the case of a willful violation). 29 U.S.C. § 255(a). To commence a claim, an individual may file a complaint or alternatively may file a consent to join a collective action. § 256(a)-(b)

The statute authorizes employees to file collective actions for unpaid wages. *See* 29 U.S.C. § 216. "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Courts have interpreted 29 U.S.C. § 216 (b) to require that *each* employee, *including the named plaintiff*, "manifest his written consent to become a party plaintiff and have that consent filed with the Court" in order to be part of the collective action. *Matuska v. NMTC, Inc.*, No. CIV.A. 10-3529 JAP, 2012 WL 1533779, at *3 (D.N.J. Apr. 30, 2012) (internal citations omitted).[6]

Judge Posner explains:

> The statute is unambiguous: if you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party. It makes no difference that you are named in the complaint, for you might have been named without

---

[6]     *See, e.g., Acosta v. Tyson Foods, Inc.*, 800 F.3d 468, 472 (8th Cir. 2015) ("[Named plaintiff] was required to file a written consent to proceed as a party plaintiff. Because he failed to do so before the statute of limitations expired, the district court should have dismissed Acosta's claim under the FLSA."); *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004); *In re Food Lion, Inc.*, 151 F.3d 1029 (4th Cir. 1998) ("Redundant though it may seem to require consents from the named plaintiffs in a class action, the district court did not abuse its discretion in ordering such consents nor in dismissing the appellants' claims which exceeded the limitations period when no consents were filed within the applicable three year period."); *Ochoa v. Pearson Educ., Inc.*, No. 11-CV-1382 DMC-JAD, 2012 WL 95340, at *2 (D.N.J. Jan. 12, 2012) (internal citations omitted). ("Until Plaintiff files a written consent form with this Court, he is not considered joined to a collective action and the statute of limitations on [his] claims is not tolled."); *Perella v. Colonial Transit, Inc.*, 148 F.R.D. 147, 149 (W.D.Pa.1991), *aff'd*, 977 F.2d 569 (3d Cir.1992) ("The statutory language makes clear that the filing of the consent may come after the filing of the complaint, but that a claim is not asserted, for purposes of the statute of limitations, until both the complaint and the claimant's individual written consent are filed.").

your consent. The rule requiring written, filed consent is important because a party is bound by whatever judgment is eventually entered in the case, and if he is distrustful of the capacity of the "class" counsel to win a judgment he won't consent to join the suit. We are inclined to interpret the statute literally. No appellate decision does otherwise.

*Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004). While the statute does not elaborate on the form of the written consent, "courts have shown considerable flexibility as long as the signed document indicates consent to join the lawsuit." *Manning v. Gold Belt Falcon, LLC*, 817 F. Supp. 2d 451, 454 (D.N.J. 2011). Many documents are permitted under this flexible standard, so long as they are signed. *See e.g., Butler v. DirectSAT USA, LLC*, 55 F. Supp. 3d 793, 800 (D. Md. 2014) (holding that consent was filed as signed interrogatory answers and a signed declaration); *Ketchum v. City of Vallejo*, No. S–05–1098, 2007 WL 4356137, at *2 (E.D. Cal. 2007) (holding that consent was filed when the named plaintiffs filed declarations indicating their intent to be plaintiffs in the action); *Bonilla v. Las Vegas Cigar Co.*, 61 F.Supp.2d 1129, 1139 (D.Nev.1999) (noting that plaintiffs could have "simply sign[ed] the Complaint").

Here, the named plaintiffs assert that, because the Amended Complaint contains statements that the named plaintiffs consented to the action under § 216(b), they have properly filed their consent. Had the named plaintiffs actually signed the Amended Complaint, I would be more inclined to agree. But it is an accepted principle of collective action litigation that the named plaintiffs must manifest their written consent to be a party to the collective action. These plaintiffs did not. Moreover, the collective action complaint was filed over five years ago, so any such consent, if filed now, would be well outside the statute of limitations.

The named plaintiffs must therefore be dismissed from this collective action.

### ii. Individual claims

In the alternative, the named plaintiffs argue that they may nevertheless proceed with *individual* claims despite their failure to file signed consents. I agree. Section 216(b) "gives employees the right to bring a private cause of action *on their own behalf*" as well as "on behalf of other 'employees similarly situated' for specified violations of the FLSA." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69, 133 S. Ct. 1523, 1527 (2013) (emphasis added).

There is no reason that a plaintiff cannot file an individual claim, join a collective action, or both, within the same complaint. "Where the record reveals an intent to file an individual claim, and the individual claim is timely filed, it should be allowed to continue, notwithstanding the individual plaintiff's failure to timely file a consent to join the collective action." *Jun Yin v. Hanami Westwood, Inc.*, 2016 U.S. Dist. Lexis 180730 at *21 (D.N.J. December 30, 2016) (Vazquez, J.) (internal citations omitted) (allowing named plaintiffs to proceed individually when the named plaintiffs brought the action "on behalf of themselves and all others similarly situated"); *see also Smith v. Cent. Sec. Bureau, Inc.*, 231 F. Supp. 2d 455, 461 (W.D. Va. 2002) ("[Plaintiff] instituted the action "individually and on behalf of others." The plain language of the aforementioned language is open only to one interpretation, namely, that [plaintiff] was attempting to proceed in a dual capacity.").

In this action, on the first page of the Amended Complaint, plaintiffs Depalma and Leszczynski represent themselves as bringing suit "individually and on behalf of all other similarly situated employees." (DE 5, p. 1). I follow *Jun Yin* and *Smith* in finding that these plaintiffs manifested a clear intent to bring their claims in a dual capacity. In their non-representative capacity as individuals (which did not require the filing of a consent form), they filed their individual claims timely.

Scotts counters that it would not be fair to allow named plaintiffs to proceed on an individual basis when they had made the "strategic choice" to pursue this case as a collective action for four years. (DE 195, p. 9). However, Scotts was put on notice that named plaintiffs had brought an individual claim by the plain text of the Amended Complaint. Further, Scotts' fairness argument is not very persuasive—Scotts itself made the strategic choice not to raise this issue until four years into the litigation.

## III.    Conclusion

For the reasons set forth above, I will grant in part and deny in part Scotts' motion (DE 180) for partial summary judgment. Named plaintiffs Depalma and Leszczynski are hereby removed as members of the collective action but may proceed in this litigation with their individual FLSA claims.

An appropriate order follows.


Dated: May 21, 2019


**Kevin McNulty**
**United States District Judge**