IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOMINICK DEPALMA AND JOSEPH LESZCZYNSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE SCOTTS COMPANY, LLC<br><br>Defendant. | Civil Action No. 13-cv-07740<br><br>[~~PROPOSED~~] ORDER AND JUDGMENT |

This above-entitled matter came before the Court on Plaintiffs' Unopposed Motion for Approval of the Settlement of this Collective Action (the "Approval Motion"). Defendant does not oppose entry of this Order and Judgment, *and, particularly in light of the current health crisis, no hearing will be required.*

1. Based upon the Court's review of the Approval Motion, Memorandum of Law In Support of Plaintiffs' Motion For Approval of The Settlement of This Action, the Declaration of Jeffrey A. Klafter ("Klafter Decl.") and Declaration of Harris Pogust, and all other papers submitted in connection with Plaintiffs' Approval Motion, the Court approves the parties' Collective Action Settlement Agreement attached as Exhibit A to the Klafter Decl. (the "Settlement Agreement") and "so orders" all of its terms, which are hereby incorporated herein and shall be a part of the JUDGMENT in this matter.

2. The Court has carefully reviewed the Settlement Agreement. The Court finds that the Settlement Agreement is fair and reasonable, is the product of arm's-length negotiations after contested litigation, and resolves *bona fide* disputes with respect to alleged claims for overtime wages by Plaintiffs and the members of the Collective listed in Exhibit A to the Settlement Agreement ("Collective Members").

3. The Court approves the Notice attached as Exhibit B to the Settlement Agreement that will accompany the checks sent to Plaintiffs and Collective Members by the Settlement Administrator referenced below.

4. The attorneys' fees and costs requested by Plaintiffs' counsel in the amounts of $750,000 (one-third of the Maximum Settlement Amount (as defined in the Settlement Agreement)) plus reimbursement of expenses of $310,492.47 (which includes a $20,000 set fee for settlement administration by the Third Party Administator), respectively, are reasonable. The fee award requested by Plaintiffs' counsel is justified by the extensive work that they performed investigating the claims, conducting the litigation, engaging in discovery, negotiating the settlement, and the risk they undertook in bringing the claims. The Court, therefore, grants Plaintiffs' request for attorneys' fees and expenses and awards Plaintiffs' Counsel $750,000 in attorneys' fees and $310,492.47 in costs and expenses reasonably expended litigating and resolving this lawsuit to be paid out of the Maximum Settlement Amount in accordance with the terms of the Settlement Agreement, § 8.

5. The Court finds the requested Service Awards of $7,500 to each of Plaintiffs Dominick DePalma and Joseph Leszczynski for the services they rendered to the collective in initiating and assisting in the prosecution of this action to be reasonable. The Court, therefore, grants Plaintiffs' request for these Service Awards to be paid out of the Maximum Settlement Amount in accordance with the terms of the Settlement Agreement, §7.

6. The parties shall abide by all terms of the Settlement Agreement.

7. This Action and all claims asserted by the Plaintiffs and the Collective Members are hereby dismissed with prejudice on the terms set forth in the Settlement Agreement.

8. The clerk is ordered to enter this ORDER and JUDGMENT and close the case.

It is so ORDERED this 2d day of April, 2020.

_____
Hon. Kevin McNulty
United States District Judge